UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN MEE,

    Plaintiff,

v.

RONALD WYSE and
MELINDA METELLUS,

    Defendants.
_____/

Case No. 2:19-cv-12581

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT [18]**

In an amended complaint, Plaintiff Benjamin Mee alleged that Defendants Ronald Wyse and Melinda Metellus—who was identified more fully after the complaint was filed—both violated his First and Fourteenth Amendment rights when they interfered with the delivery of his Sunday Detroit Free Press newspaper every week. ECF 7, PgID 31–32. On December 16, 2019, Defendants filed a motion for partial summary judgment, ECF 18, and Plaintiff timely responded, ECF 19.[1] The Court has reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons below, the Court will grant the motion.

---

[1] On January 2, 2020, Defendants filed a second motion for partial summary judgment. ECF 20. Upon review, it is clear that this filing is actually Defendants' reply to Plaintiff's response to their motion for partial summary judgment. The Court will therefore find the motion moot, construe it as Defendants' reply brief, and consider it in its determination on the partial motion for summary judgment.

## BACKGROUND

Plaintiff was a Michigan Department of Corrections ("MDOC") inmate who was formerly incarcerated at the Parnall Correctional Facility. ECF 7, PgID 31. He is no longer in MDOC custody. *See* ECF 13. He alleged that, while in custody, Defendants violated his First and Fourteenth Amendment rights by removing sections of his Sunday Detroit Free Press newspaper. ECF 7, PgID 31–32. On February 15, 2019, Plaintiff filed his first, and only, administrative grievance that related to the newspaper. ECF 18-2, PgID 270. He specifically alleged that Defendants had "been removing parts of [his] Sunday newspaper" and that the incident occurred on February 11, 2019. *Id.* Plaintiff's grievance was denied, *id.* at 271, and Plaintiff appealed the decision through Step III, the highest level of grievance appeal in MDOC's system, *id.* at 267. He did not, however, file any additional grievances relating to other editions of the Sunday Detroit Free Press. Rather, Plaintiff filed the present case and averred that Defendants continually "censored and prevented delivery of part of [his] Sunday Detroit Free Press." ECF 7, PgID 31.

## LEGAL STANDARD

Summary judgment is proper if the movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material for purposes of summary judgment if its resolution would establish or refute an "essential element[] of a cause of action or defense asserted by the parties[.]" *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quotation omitted).

The Court views the facts and draws all inferences in the light most favorable to the non-moving party. *Stiles ex rel. D.S. v. Grainger Cty.*, 819 F.3d 834, 848 (6th Cir. 2016) (citation omitted). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). And although the Court may not make credibility judgments or weigh the evidence, *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015), a mere "scintilla" of evidence is insufficient to survive summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff," *Anderson*, 477 U.S. at 252.

## DISCUSSION

The main argument in Defendants' motion for summary judgment was that Plaintiff failed to administratively exhaust his claims relating to newspapers delivered after February 11, 2019. ECF 18, PgID 66–67. The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust administrative remedies before filing suit. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006). "[T]he purpose of the PLRA's exhaustion requirement 'is to allow prison officials a fair opportunity to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court.'" *Mattox v. Edelman*, 851 F.3d 583, 591 (6th Cir. 2017) (quoting *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010)). There is, however, no federal exhaustion standard, and Plaintiff properly "exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution."

3

*Id.* at 590. To exhaust his administrative remedies, a prisoner must comply with the prison's grievance procedures. If a prisoner fails to do so, courts typically dismiss the unexhausted claims. *See Jones v. Bock,* 549 U.S. 199, 220–24 (2007).

MDOC policy states that grievances "filed by prisoners regarding grievable issues as defined in [the] policy serve to exhaust a prisoner's administrative remedies only when filed as a grievance through all three steps of the grievance process in compliance with [MDOC's] policy." ECF 18-1, PgID 71. Here, Plaintiff failed to exhaust, let alone file, any claims relating to any newspaper delivered after February 11, 2020. *See generally* ECF 18-2 (Plaintiff's grievance records). He confirmed that he did not file additional grievances because he believed he "would have been sanctioned for doing so" and that the single grievance he filed gave Defendants an opportunity to address his complaints before he filed the present case. ECF 19, PgID 296.

Certainly, MDOC policy forbids grievances that raise "issues that are duplicative of those raised in another grievance filed by the grievant." ECF 18-1, PgID 72. But the issues here were not duplicative. Plaintiff's one grievance did not inform anyone of any recurring issue or any issue continuing past the date of the grievance. Rather, it informed the MDOC only of issues with Plaintiff's newspaper that occurred up to February 11, 2019, the "date of incident" Plaintiff listed on his Step I grievance form. ECF 18-2, PgID 270. Additionally, "[w]hen an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion." *Ross v. Blake,* 136 S.Ct. 1850, 1859 (2016).

4

Plaintiff failed to exhaust, or properly file, grievances relating to any issues with his newspaper after February 11, 2019. The Court will therefore grant Defendants' partial motion for summary judgment and dismiss any claims relating to newspapers delivered after February 11, 2019.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' motion for partial summary judgment [18] is **GRANTED**. Judgment is **GRANTED** in favor of Defendants on Plaintiff's claims relating to newspapers delivered after February 11, 2019.

**IT IS FURTHER ORDERED** that Defendants' second motion for partial summary judgment [20] is **DENIED AS MOOT**.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 9, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 9, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

5